1
2
3
4
5
6            IN THE UNITED STATES DISTRICT COURT FOR THE
7                  EASTERN DISTRICT OF CALIFORNIA
8

9  DALIA LIZETH ROMAN,              )      No. CV-F-04-5814 OWW
                                    )      (No. CR-F-02-5379 OWW)
10                                  )
                                    )      MEMORANDUM DECISION DENYING
11            Petitioner,           )      PETITONER'S MOTION TO
                                    )      VACATE, SET ASIDE OR CORRECT
12       vs.                        )      SENTENCE PURSUANT TO 28
                                    )      U.S.C. § 2255 AND DIRECTING
13                                  )      CLERK OF COURT TO ENTER
   UNITED STATES OF AMERICA,        )      JUDGMENT FOR RESPONDENT
14                                  )
                                    )
15            Respondent.           )
                                    )
16  _____)

17

         On June 9, 2004, Petitioner Dalia Lizeth Roman timely filed
18
   a motion to vacate, set aside or correct sentence pursuant to 28
19
   U.S.C. § 2255.
20
         A.   BACKGROUND.
21
         Petitioner was charged by Superseding Information with use
22
   of a communication facility in connection with a drug offense in
23
   violation of 21 U.S.C. § 843(b).  Petitioner pleaded guilty
24
   pursuant to a written Plea Agreement.  The Plea Agreement
25
   specifically provided:
26

                                  1

1   Defendant, Dalia Roman, hereby acknowledges
2   the benefits she has received pursuant to the
    plea disposition set forth in this memorandum
3   and her guilt of the offense to which she is
    pleading guilty.  Defendant hereby waives all
4   rights to contest the means by which her plea
    of guilty will be entered before the District
5   Court.  This waiver includes, but is not
    limited to, any claim, whether in District
6   Court or in appellate proceedings and on
    direct appeal or subsequently, that the
7   dictates of Federal Rule of Criminal
    Procedure 11, or any successor Rules,
8   legislation or case authority, were not
    followed in the entry of defendant Roman's
9   guilty plea.  The defendant is also aware
    that Title 18, United States Code, Section
10  3742 affords a defendant the right to appeal
    the sentence imposed.  Acknowledging all
11  this, the defendant knowingly waives the
    right to appeal, on any ground whatsoever,
12  any sentence so long as the initial term of
    imprisonment is four (4) years or less.  The
13  defendant also waives her right to challenge
    her conviction, sentence or the manner in
14  which her sentence was determined in any
    collateral attack, including but not limited
15  to a motion brought under Title 18, United
    States Code, Sections 2255 or 2241.

16  Petitioner was sentenced on October 27, 2003 to 48 months

17  incarceration and 12 months of supervised release.  Petitioner

18  did not file a Notice of Appeal.

19      B.  <u>GROUNDS FOR RELIEF</u>.

20          1.  <u>Ineffective Assistance of Counsel</u>.

21      Petitioner contends that she is entitled to relief because

22  of ineffective assistance of counsel.  Petitioner asserts that

23  counsel was ineffective because "he never ensure a fair

24  proceeding, he only came to visit movant one or two times in the

25  whole process and one of those times when he came he ask movant

26  to sign the Plea Agreement without giving movant any explanation

                                    2

1  or information in reference to what she was singning [sic]."

2  Petitioner asserts that "counsel never told movant of her rights

3  he never fully informed her of the rights relinquished by

4  pleading guilty."

5      Claims asserting the ineffective assistance of counsel are

6  analyzed under the two-prong test announced in *Strickland v.*

7  *Washington*, 466 U.S. 668 (1984).  As explained in *United States*

8  *v. Quintero-Barraza*, 78 F.2d 1344, 1348 (9th Cir. 1995), *cert.*

9  *denied*, 519 U.S. 848 (1996):

> According to *Strickland*, there are two
> components to an effectiveness inquiry, and
> the petitioner bears the burden of
> establishing both ... First, the
> representation must fall 'below an objective
> standard of reasonableness.' ... Courts
> scrutinizing the reasonableness of an
> attorney's conduct must examine counsel's
> 'overall performance,' both before and at
> trial, and must be highly deferential to the
> attorney's judgments ... In fact, there
> exists a 'strong presumption that counsel
> "rendered adequate assistance and made all
> significant decisions in the exercise of
> reasonable professional judgment."' ... In
> short, defendant must surmount the
> presumption that, 'under the circumstances,
> the challenged action "might be considered
> sound trial strategy."' ... Thus, the proper
> inquiry is 'whether, in light of all the
> circumstances, the identified acts or
> omissions were outside the wide range of
> professionally competent assistance.' ....
>
> If the petitioner satisfies the first prong,
> he must then establish that there is 'a
> reasonable probability that, but for
> counsel's unprofessional errors, the result
> would have been different ....'

25  Where a petitioner enters a guilty plea upon the advice of

26  counsel, the voluntariness of the plea depends upon whether the

petitioner received effective assistance of counsel.  In order to prevail on an ineffective assistance of counsel claim, "the [petitioner] must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 56-57 (1985).

The Plea Agreement executed by Petitioner, her attorney, James Elia, and the Assistant United States Attorney, specifically sets forth all of the statutory and constitutional rights Petitioner would relinquish by pleading guilty. Petitioner was placed under oath prior to pleading guilty pursuant to the Plea Agreement.  Petitioner stated under oath that she had read the Plea Agreement, that she had discussed it with her attorney and that she understood the Plea Agreement.[1] The Court reviewed with Petitioner every aspect of the Plea Agreement, including the elements of the offense and the maximum punishment allowed by law, and the various statutory and constitutional rights relinquished by pleading guilty. Petitioner's assertions of ineffective assistance of counsel are not supported by the record.  Further, Petitioner makes no contention that she would not have pleaded guilty and would have

---

[1]Petitioner intimates in her motion that she does not speak English.  This intimation is not supported by the record. Petitioner stated at sentencing that she had lived in the United States since she was one-year old, that she was a graduate of Roosevelt High School and had participated in school government activities.  The docket does not show that Petitioner was ever assisted by the Court interpreter.

insisted on going to trial.

Petitioner's motion for relief on the ground of ineffective assistance of counsel is DENIED.

### 2.   Disparity in Sentence/Cruel and Unusual Punishment.

Petitioner moves the Court "to reconsider the sentence imposed and to reduce her sentence to levels which are more representative of the rehabilitative goals of the Criminal Justice System."  Petitioner "only request [sic] this in view of the unusual severity of her sentence for a routine narcotic case."

Petitioner is not entitled to relief pursuant to Section 2255.  In the Plea Agreement, Petitioner specifically waived her right to challenge her sentence so long as it was four years or less.  Petitioner was sentenced to 48 months.

Petitioner's motion for relief on this ground is DENIED.

### 3.   Violation of Rule 32, Federal Rules of Civil Procedure.

Petitioner moves for relief on the ground that "the Court erred by failing to make specific findings as to the accuracy of information in the presentence report."  Petitioner asserts that she "keep telling Counsel of all the issues that movant was not in agree [sic], and the counsel keep saying that this would not affect her sentence and that she was not going to do jail time that he had control of everything Counsel never sit down with movant to discuss all the descripances [sic] on the presentence report."  Petitioner contends that the presentence report

5

1  "contains several factual inaccuracies, presumably offered by the

2  government for example [sic] quantaty of drugs used for

3  sentencing, criminal history, realation [sic] with the co-

4  defendants and so many issues that movant do not agree and keept

5  telling the counsel to object to all those issues but nounsel

6  [sic] never argue to all this descripancies."

7       Petitioner's contentions are belied by the record and

8  without merit.  Petitioner stated to the Court that she had read

9  the presentence report and discussed it with Mr. Elia.

10 Petitioner was given the opportunity to address the Court prior

11 to the imposition of sentence.  At no time did Petitioner assert

12 that the presentence report was inaccurate in any way.

13 Petitioner admitted the drug quantity when she pleaded guilty and

14 her relations with the co-defendants was known to the Court.  The

15 presentence report indicated that Petitioner had no prior

16 criminal history.

17      Petitioner's motion for relief on this ground is DENIED.[2]

18                          CONCLUSION

19      For the reasons stated:

20      1.   Petitioner Dalia Lizeth Roman's motion to vacate, set

21 aside or correct sentence pursuant to 28 U.S.C. § 2255 is DENIED.

22      2.   The Clerk of the Court is directed to enter Judgment for

23

24      [2]On December 20, 2004, Petitioner applied to amend her Section
   2255 motion to include a claim for relief pursuant to *Blakely v.*
25 *Washington*, 542 U.S. 296 (2004).  *Blakely* is not retroactive to
   cases on collateral review. *Schardt v. Payne*, 414 F.3d 1025 (9th
26 Cir.2005)

                              6

1    **Respondent.**

2    IT IS SO ORDERED.

3    **Dated:    May 27, 2008** _____/s/ Oliver W. Wanger_____
                                    UNITED STATES DISTRICT JUDGE